STATE OF MICHIGAN
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIR LIFT COMPANY,                                          CASE NO. 25-CV-01356

      Plaintiff,                                                   HON. Robert J. Jonker
                                                     Magistrate Sally J. Berens

vs.

BAG RIDERS, LLC,

      Defendant.

| | |
|---|---|
| MITCHELL A. CAPPT (P84197) | KRISTINA M. MACIONSKI (P75425) |
| MCDONALD HOPKINS PLC | JONATHAN J. PAASCH (P81551) |
| Attorneys for Plaintiff | KOPKA LAW GROUP |
| 39533 Woodward Ave., Ste. 318, | Attorneys for Defendant |
| Bloomfield Hills, MI  48304 | 44 Cesar E. Chavez Ave. SW, Suite 320 |
| (248) 656-5070/ 248-646-5075 [FAX] | Grand Rapids, MI 49503 |
| mcapp@mcdonaldhopkins.com | 248-324-2620 / (248) 324-2610 [FAX] |
| | jjpaasch@kopkalaw.com |
| | mnwinningham@kopkalaw.com |

**DEFENDANT BAG RIDERS, LLC'S RESPONSE TO PLAINTIFF
AIR LIFT COMPANY'S FIRST SET OF INTERROGATORIES TO DEFENDANT
BAG RIDERS, LLC**

NOW COMES the DEFENDANT, BAG RIDERS, LLC, by and through their counsel,

Jonathan J. Paasch, and KOPKA LAW GROUP, and for its Responses to Plaintiff Air Lift

Company's First Set of Requests for Production to Defendant Bag Riders, LLC, states as follows:

## I.    GENERAL OBJECTIONS

Defendant Bag Riders, LLC ("Defendant") submits the following General Objections

applicable to all interrogatories and requests. Any specific response incorporates these objections

whether repeated or not.

1. **Relevance / Proportionality**

   Defendant objects to discovery seeking information not relevant to any claim or defense or not proportional to the needs of the case under Rule 26(b)(1), including requests seeking technical information about products Defendant did not design or manufacture.

2. **Possession, Custody, or Control**

   Defendant objects to requests seeking information or documents not within Defendant's possession, custody, or control, including engineering, source code, manufacturing, and design materials belonging to third-party manufacturers.

3. **Third-Party Information**

   Defendant objects to discovery that is more properly directed to third-party manufacturers, developers, or suppliers of the accused products.

4. **Legal Conclusions**

   Defendant objects to interrogatories calling for legal conclusions, claim constructions, infringement analyses, or expert opinions. Defendant will provide factual information but will address expert matters in accordance with the scheduling order.

5. **Premature Expert Discovery**

   Defendant objects to requests seeking technical analysis, reverse engineering, patent comparisons, or contention analyses prior to the deadlines for expert reports and contentions established by the Court's patent case management order.

6. **Attorney–Client Privilege / Work Product**

   Defendant objects to requests seeking information protected by the attorney-client privilege, work product doctrine, or consulting expert protections. No such information is waived by any response.

7. **Publicly Available Information**

Defendant objects to requests seeking information equally available to Plaintiff from public sources, including publicly available product manuals, videos, and marketing materials.

8. **Confidential and Proprietary Information**

Defendant objects to producing confidential business information, customer identities, pricing data, or financial data absent an appropriate protective order. Production, if any, will be subject to confidentiality designations.

9. **Overbreadth and Undue Burden**

Defendant objects to requests that are unlimited in time, scope, or subject matter, or that require review of all communications without reasonable search parameters.

10. **Continuing Investigation**

Discovery is ongoing. Defendant reserves the right to supplement or amend responses pursuant to Rule 26(e).

11. **No Admission**

Any response or production is made solely for purposes of discovery and does not constitute an admission of relevance, admissibility, infringement, validity, or liability.

## II.    INTERROGATORIES

**Interrogatory No. 1:** Identify all persons involved in the design, development, engineering, testing, or revision of the PRO Control System, and describe each person's role.

**Answer: Defendant objects to this interrogatory because it seeks information that is not within defendant's possession or control.  The Defendant states that it is a re-seller of the PRO Control System.  The Defendant further states that it did not materially participate in**

**the design, development, engineering, testing, or revision of the PRO Control System, and therefore lacks the knowledge to provide a full and complete response to this interrogatory.**

**Interrogatory No. 2:** Identify the manufacturer(s), designer(s), and supplier(s) of the PRO Control System and describe the nature of each entity's involvement.

**Answer: Defendant states upon information and belief that the manufacturer, designer, and supplier of the PRO Control System is Feel Air.**

**Interrogatory No. 3:** Describe in detail the architecture and operation of the PRO Control System, including the interaction between the head unit, control unit, sensors, valves, and any aftermarket suspension components.

**Answer: Defendant objects to this Interrogatory because it seeks technical engineering information not within Defendant's knowledge and more properly directed to the product manufacturer. Defendant further objects to the extent the Interrogatory calls for expert or technical analysis. Without waiving any objection, Defendant states that it did not design or engineer the product and therefore lacks detailed technical knowledge of its architecture beyond ordinary installation procedures, end-user–level functionality, and information available in publicly accessible materials.**

**Interrogatory No. 4:** Identify all versions or revisions of the PRO Control System sold or offered for sale, including the dates each version was first offered and discontinued.

**Answer: Defendant objects to the extent this Interrogatory seeks product development information maintained by the manufacturer rather than the distributor.  Without waiving**

4

these objections, Defendant states it sold product versions provided by its supplier in the ordinary course of business and does not control engineering revisions, model development, or discontinuation decisions.

**Interrogatory No. 5:** State when and how Bag Riders first became aware of U.S. Patent No. 9,440,506.

**Answer: Defendant objects to this Interrogatory to the extent it seeks speculation regarding corporate awareness prior to the events giving rise to this litigation.  The Defendant further states that Bag Riders LLC is a corporation, and a corporation's historical awareness is not readily ascertainable.  Without waiving any objection, the Defendant states based on information and belief that it became aware of U.S. Patent No. 9,440,506 upon receiving Plaintiff's complaint.**

**Interrogatory No. 6:** Describe all facts supporting Bag Riders' contention that the PRO Control System was independently developed without use of any Air Lift information.

**Answer: Defendant objects to this interrogatory because it seeks information that is not within defendant's possession or control.  The Defendant did not materially participate in the development of the PRO Control System, and therefore lacks the knowledge to provide a full and complete response to this interrogatory.  The Defendant further objects to interrogatory as it is vague.  The Defendant is unsure of exactly what information the Plaintiff believes would be encompassed by the phrase "any Air Lift information."  Without waiving any objection, the Defendant states that based on information and belief that the PRO Control System was developed without any improper use of information.**

**Interrogatory No. 7:** Describe Bag Riders' understanding of its obligations under the Distributor Agreement concerning competition, disparagement, and confidential information.

**Answer: Defendant objects to this interrogatory because it is intended to harass or annoy the responding party rather than to obtain relevant information.  Defendant objects to this Interrogatory to the extent it seeks legal conclusions.  Without waiving any objection, the Defendant further states that upon information and belief the Defendant's understanding of its obligations to Air Lift were determined by the parties' conduct in the ordinary course of business.**

**Interrogatory No. 8:** Identify and describe all acts Bag Riders contends demonstrate compliance with the Distributor Agreement during the period it sold the PRO Control System.

**Answer: Defendant objects to this interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case.  The interrogatory requires the evaluation of almost a limitless number of actions allegedly taken by the Defendant. Defendant further objects to this Interrogatory to the extent it seeks legal conclusions or requires Defendant to characterize conduct in legal terms.  Without waiving any objections, Defendant states that, based on information and belief, it is not presently aware of any conduct during the period it sold the PRO Control System that would suggest noncompliance with any agreement.**

**Interrogatory No. 9:** Describe Bag Riders' understanding of its obligations under the Distributor Agreement concerning competition, disparagement, and confidential information.

**Answer: Defendant objects to this interrogatory because it is intended to harass or annoy the responding party rather than to obtain relevant information.  Defendant objects to this**

**Interrogatory to the extent it seeks legal conclusions.  Without waiving any objection, the Defendant further states that upon information and belief the Defendant's understanding of its obligations to Air Lift were determined by the parties' conduct in the ordinary course of business.**

**Interrogatory No. 10:** Identify and describe all acts Bag Riders contends demonstrate compliance with the Distributor Agreement during the period it sold the PRO Control System.

**Answer: Defendant objects to this interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case.  The interrogatory requires the evaluation of almost a limitless number of actions allegedly taken by the Defendant. Defendant further objects to this Interrogatory to the extent it seeks legal conclusions or requires Defendant to characterize conduct in legal terms.  Without waiving any objections, Defendant states that, based on information and belief, it is not presently aware of any conduct during the period it sold the PRO Control System that would suggest noncompliance with any agreement.**

**Interrogatory No. 11:** Describe all communications between Bag Riders and Air Lift concerning the termination of the Distributor Agreement and Bag Riders' post-termination obligations.

**Answer: Defendant would describe all communications between Bag Riders and Air Lift concerning the termination of the Distributor Agreement and Bag Riders' post-termination obligations, as unfortunate and unnecessarily contentious.**

7

**Interrogatory No. 12:** Identify each statement made by Bag Riders concerning Air Lift or Air Lift products that Bag Riders contends was truthful, non-disparaging, or protected opinion, and state the factual basis for each contention.

**Answer: Defendant objects to this interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case.  The interrogatory requires the evaluation of almost a limitless number of statements allegedly made by the Defendant. Without waiving any objections, the Defendant states that based on information and belief all statements made by Bag Riders concerning Air Lift or Air Lift products were truthful. Defendant further states any product comparison statements were based on available product information and Defendant's understanding of product characteristics and were believed to be truthful descriptions or opinions, not disparagement.**

**Interrogatory No. 13:** Identify all Air Lift information received by Bag Riders during the term of the Distributor Agreement and state whether Bag Riders contends each category of information was confidential.

**Answer: Defendant objects to this interrogatory because it is overbroad, unduly burdensome, and not proportional to the needs of the case.  As stated, the interrogatory requires the evaluation of almost a limitless amount of information.  Defendant further objects as the information requested is more accessible to the requesting party.  Without waiving any objections, the Defendant states that based on information and belief no confidential information provided by Air Lift was misused.**

**Interrogatory No. 14:** State the total revenues, total units sold, and total profits earned by Bag Riders concerning the PRO Control System, by year.

**Answer: Defendant objects to this interrogatory as it seeks confidential business information not relevant to this matter.**

Respectfully Submitted,

KOPKA LAW GROUP

By:  _/s/ Jonathan J. Paasch_
   KRISTINA M. MACIONSKI (P75425)
   JONATHAN J. PAASCH (P81551)
   Attorneys for Defendant
   44 Cesar E. Chavez Ave. SW, Suite 320
   Grand Rapids, MI 49503
   248-324-2620 / (248) 324-2610 [FAX]

Dated: February 20, 2026

## CERTIFICATE OF SERVICE

STATE OF MICHIGAN      )
                       ) SS.
COUNTY OF OAKLAND    )

I, Miranda Winningham, an employee of KOPKA LAW GROUP, certify that I e-filed the foregoing document on February 20, 2026, using the ECF *e-filing system* which will send a copy of this document together with notification to all counsel of record

/s/ Mirand Winningham
Miranda Winningham, Legal Assistant

9