**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
LANSING DIVISION**

| | |
|---|---|
| **AIR LIFT COMPANY,**<br>Plaintiff,<br>v.<br>**BAG RIDERS, LLC**<br>Defendant. | Case No. 1:25-cv-01356-RJJ-SJB<br>HON. ROBERT J. JONKER |

**PLAINTIFF'S DISCLOSURE OF PROPOSED CLAIM CONSTRUCTION AND IDENTIFICATION OF DISPUTED CLAIM TERMS**

Pursuant to the Court's Case Management Order [ECF No. 18], Plaintiff Air Lift Company ("Air Lift") hereby submits its Disclosure of Proposed Claim Construction and Identification of Disputed Claim Terms.

## I. IDENTIFICATION OF DISPUTED CLAIM TERMS

Air Lift does not presently identify any claim terms in the asserted patent that requires construction by the Court. Air Lift contends that all terms of the asserted claims should be afforded their plain and ordinary meaning as understood by a person of ordinary skill in the art at the time of the invention, in light of the intrinsic record. *See Phillips*, 415 F.3d at 1312–14 (claim terms are generally given the ordinary and customary meaning that they would have to a person of ordinary skill in the art in question at the time of the invention); *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (departure from ordinary meaning is warranted only where the patentee acted as its own lexicographer or disavowed the full scope of the claim).

## II. RESERVATION OF RIGHTS

To the extent Defendant Bag Riders, LLC ("Bag Riders") identifies any claim term that it contends requires construction, Air Lift reserves the right to: (i) respond to and oppose any such proposed construction; (ii) propose an alternative construction supported by the intrinsic and, where appropriate, extrinsic evidence; (iii) supplement or amend this disclosure based on further investigation, discovery, expert analysis, or the Court's claim construction procedures; and (iv) rely on any and all evidence permitted under *Phillips*, 415 F.3d at 1314–19, including the claims, specification, prosecution history, and pertinent extrinsic evidence. Air Lift further reserves the right to address any indefiniteness, means-plus-function (35 U.S.C. § 112(f)), or other claim-construction-related issues raised by Bag Riders. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) (district courts must resolve disputes over claim scope when the parties present a fundamental dispute regarding the scope of a claim term).

## III. CONCLUSION

For the foregoing reasons, Air Lift identifies no claim terms requiring construction at this time and respectfully submits that the asserted claims should be given their plain and ordinary meaning consistent with the intrinsic record and governing Federal Circuit precedent.

Dated: May 29, 2026

Respectfully submitted,

MCDONALD HOPKINS PLC

*<u>/s/ Mitchell A. Capp</u>*

Mitchell A. Capp (P84197)
McDONALD HOPKINS
39533 Woodward Ave., Ste. 318
Bloomfield Hills, MI 48304
Tel: (248) 656-5070 / Fax: (248) 646-5075
mcapp@mcdonaldhopkins.com

David B. Cupar (OH71622)
McDONALD HOPKINS
600 Superior Avenue East, Suite 2100
Cleveland, OH 44114
Telephone: (216) 348-5400
dcupar@mcdonaldhopkins.com

*Counsel for Plaintiff Air Lift Company*