UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AIR LIFT COMPANY,

Plaintiff,

v.

BAG RIDERS, LLC,

Defendant.
______________________________/

CASE NO. 1:25-cv-01356

HON. ROBERT J. JONKER

# **CLAIM CONSTRUCTION MEMORANDUM AND ORDER**

## **INTRODUCTION**

This patent infringement case involves aftermarket air-suspension systems. (Pl.'s Claim Constr. Br., ECF No. 29, PageID.192.) The systems allow a driver to adjust suspension settings on each of the four tires of a vehicle using a central unit in the cabin. (*Id.* at PageID.193.) Air Lift holds U.S. Patent No. 9,440,506 (the '506 Patent) on an air-suspension system that makes this technology possible. (*Id.*) Air Lift brings this case against a former authorized distributor, Bag Riders LLC, for infringing the '506 patent by designing and selling its own version of an aftermarket air-suspension system. (*Id.* at PageID.194.)

Bag Riders believes that there are five terms within the '506 patent that need construction: (1) "vehicle head unit"; (2) "vehicle engine control unit"; (3) "mounted"; (4) "communication"; and (5) "control." (Def.'s Claim Constr. Br., ECF No. 26.) Bag Riders has proposed constructions for each of the five terms. (*Id.*) Air Lift says construction is unnecessary and that the plain and ordinary meaning of the terms will suffice. (Pl.'s Claim Constr. Br., ECF No. 29, PageID.212.) Air Lift also objects that the proposed constructions proposed by Bag Riders improperly narrow the scope of the actual claims. (*Id.* at PageID.198–212.)

The parties presented oral arguments on issues. The Court has also carefully reviewed the *Markman* briefs. The Court concludes construction is unnecessary in this case. The Court further concludes that the proposed constructions by Bag Riders are improper in any event.

**CLAIM CONSTRUCTION PRINCIPLES**

**I. General Rules**

When the meaning of a claim's language is disputed, the court must construe the claim as a matter of law. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370, 116 S. Ct. 1384 (1996). Proper claim construction begins with the language of the claims themselves. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996); *see also Brookhill–Wilk 1, LLC v. Intuitive Surgical, Inc.*, 334 F.3d 1294, 1298 (Fed. Cir. 2003) ("In construing claims, the analytical focus must begin and remain centered on the language of the claims themselves, for it is that language that the patentee chose to use to particularly point[ ] out and distinctly claim[ ] the subject matter which the patentee regards as his invention." (quoting *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001) (internal quotations omitted))). The Court must give claim terms the ordinary and customary meaning that would have been ascribed to them by "a person of ordinary skill in the art . . . at the time of the invention, i.e, as of the effective filing date of the patent application." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc).

When interpreting a claim as understood by a person having ordinary skill in the art (PHOSITA), a court should first examine the intrinsic evidence before it, which includes not only the claim language, but also the written description and the prosecution history of the patent. *Phillips*, 415 F.3d at 1319. Terms that have a plain and ordinary meaning typically do not need construction, as their meaning is clear from the term itself. *See Finjan, Inc. v. Secure Computing*

*Corp.*, 626 F.3d 1197, 1207 (Fed. Cir. 2010). A court considers the written description "because it is relevant not only to aid in the claim construction analysis, but also to determine if the presumption of ordinary and customary meaning is rebutted." *Brookhill–Wilk 1, LLC*, 334 F.3d at 1298. In fact, the specification is usually "the single best guide to the meaning of a disputed term." *Vitronics*, 90 F.3d at 1582. The prosecution history may also be considered to "inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be." *Phillips*, 415 F.3d at 1317.

A court may also consider extrinsic evidence, such as dictionaries, treatises, and expert or inventor testimony, in construing patent claims. *See id.* Technical dictionaries may help a court understand "the meaning of particular terminology to those of skill in the art of the invention." *Id.* at 1318. Likewise, expert testimony may be useful for explaining the technology at issue and how the particular invention works, to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of ordinary skill in the art, or to establish that a particular claim in the patent or in prior art has a particular meaning in the pertinent field. *See id.* While a court may consider both intrinsic and extrinsic evidence, intrinsic evidence is generally more reliable and thus generally entitled to greater weight when construing a claim term. *See id.* at 1320–21. What ultimately controls, however, is the language of the claims themselves: "[T]he court's focus [must] remain[ ] on understanding how a person of ordinary skill in the art would understand the claim terms." *Id.* at 1323. Thus, "[t]he construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1995).

## II. Plain and Ordinary Meaning

The parties disagree here about whether any of the terms in the '506 patent's claims need construction, or whether it is sufficient to interpret those terms according to their plain and ordinary meaning. Defendant argues that five terms need construction: 1) "vehicle head unit"; 2) "vehicle engine control unit"; 3) "mounted"; 4) "communication"; and 5) "control." Plaintiff disagrees and contends that construction of these terms is unnecessary because there is no legitimate dispute as the meaning of any of these terms.

"When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008). One way a court may resolve the dispute is by determining that the plain and ordinary meaning of the term is most appropriate. *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997). However, "[a] determination that a claim term 'needs no construction' or has the 'plain and ordinary meaning' may be inadequate when . . . reliance on the term's 'ordinary' meaning does not resolve the partes' dispute." *O2 Micro Int'l*, 521 F.3d at 1360*; see also Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1319 (2016).

In *02 Micro International*, the Federal Circuit considered whether a district court should have constructed the phrase "only if." 521 F.3d at 1360. The patents at issue provided that a feedback signal controls power "only if said feedback signal is above a predetermined threshold." *Id.* at 1361. O2 argued that a PHOSITA would understand that the "only if" limitation was implicated only during "steady state operation," while the defendants argued that the limitation applied without exception. *Id.* The lower court declined to construct the term because it had a well-understood meaning. *Id.* But the Federal Circuit held that the lower court had erred because the dispute was not over the meaning of the words but, rather, the scope of the claim language. *Id.*

Similarly, in *Eon Corp*, the Federal Circuit held that the district court had erred in determining that the terms "portable" and "mobile" carry their plain and ordinary meaning. 815 F.3d at 1318. The patents in that case all dealt with two-way communication systems that enabled transmissions between local subscribers and a base station. *Id.* at 1316. As an example of the use of this technology, the patents discuss "live video programs viewed nationwide, such as world series baseball games," which were made interactive for subscribers. *Id.* The alleged infringer was a utility provider that incorporated similar technology to allow electricity meters attached to the exteriors of houses to communicate more effectively with the company's base stations. *Id.* at 1317. The utility company argued that the terms "portable" and "mobile" should be construed to mean "capable of being easily and conveniently moved from one location where the subscriber unit is operable to a second location where the subscriber unit is operable, and designed to operate without a fixed location." *Id.* But the plaintiff argued that construction of the terms was unnecessary because a PHOSITA would understand what the terms mean. *Id.* The district court agreed with the plaintiff and declined to construct the terms. *Id.*

In holding that the district court had erred, the Federal Circuit emphasized that a court should not rest on plain and ordinary meaning when doing so left the parties' dispute unresolved. *Id.* at 1318. In *Eon*, that is what happened. During trial, the parties and their experts continuously debated the meaning of the terms "portable" and "mobile," with one expert "essentially opin[ing] that the terms would include anything that was movable, including a house, which can be moved 'lock, stock, and barrel.'" *Id.* at 1317. The Federal Circuit's point in *Eon*—as in *O2*—is that a district court must consider, at the claim construction stage, whether application of the plain and ordinary meaning to a term would actually resolve the parties' disputes regarding that term. When it does—such as when the term's meaning is "clear on its face"—then the court may decline to

construct that term. *Hastings v. United States*, 78 Fed. Cl. 729, 733 (Fed. Cl. 2007).

At bottom, both *O2* and *Eon* affirm what the Federal Circuit has held time and again: that at the claim construction stage, the district court's role is simply "to resolve a dispute about claim scope that has been raised by the parties." *Eon Corp.*, 815 F.3d at 1319. Thus, courts should be mindful that claim construction is not meant to be "an obligatory exercise in redundancy." *U.S. Surgical Corp.*, 103 F.3d at 1568. It is required only "when the meaning or scope of technical terms and words of art is unclear and in dispute and requires resolution to determine" the issue before the Court. *Id.*

## CONSTRUCTION FOR THIS CASE

### I. Term 1: "vehicle head unit"

| Claim Language | Plaintiff Air Lift's Contention | Defendant Bag Rider's Contention | Court's Construction |
|---|---|---|---|
| "vehicle head unit"<br><br>*'506 Patent, claims 1, 2, 3, 7, 10, and 12* | Plain and ordinary meaning as understood by a person having ordinary skill in the art. | "A vehicle head unit is a single, centralized electronic control system of an automobile, typically located within the vehicle's dashboard, that comprises hardware and associated firmware configured to serve as a primary interface between a user and one or more vehicle systems. The vehicle head unit is configured to control, integrate, and manage such systems, which include the vehicle's audio system and may further include climate control, navigation, additional infotainment features, | Plain and ordinary meaning as understood by a person having ordinary skill in the art. |

| | | | |
|---|---|---|---|
| | | and communication with a mobile telephone or other external device." | |

The parties dispute whether construction of the term "vehicle head unit" is necessary. Air Lift argues that the plain and ordinary meaning should apply, whereas Bag Riders proposes a construction:

> A vehicle head unit is a single, centralized electronic control system of an automobile, typically located within the vehicle's dashboard, that comprises hardware and associated firmware configured to serve as a primary interface between a user and one or more vehicle systems. The vehicle head unit is configured to control, integrate, and manage such systems, which include the vehicle's audio system and may further include climate control, navigation, additional infotainment features, and communication with a mobile telephone or other external device.

(Def.'s Claim Constr. Br., ECF No. 30, PageID.299.)

The proposed construction proposed by Bag Riders is 81 words long, and it contains many phrases that would narrow the scope of the claim. For example, it describes the head unit as a "single, centralized electronic control system," even though there is nothing in the intrinsic evidence to suggest that Air Lift intended the phrase to be limited to a single or centralized system. Similarly, while the claim itself discusses a vehicle head unit as being able to control "*at least one of* a vehicle audio system, a vehicle climate system, a navigation system, and a phone," ('506 Patent, ECF No. 29-1, PageID.245), Bag Riders's proposed construction makes control of the audio system a necessity. Such limitations contradict the precedent of the Federal Circuit holding that unless there is evidence of "an express intent to impart novel meaning to a claim term," the term should be given its plain and ordinary meaning as understood by a PHOSITA. *Kegel Co. v. AMF Bowling, Inc.*, 127 F.3d 1420, 1427 (Fed. Cir. 1997)

To the extent that Bag Riders argues that Air Lift's choice to use an indefinite article before

the term "vehicle head unit" exhibits intent to narrow the term to a single head unit, the argument is mistaken. The Federal Circuit has previously indicated that the use of "an indefinite article 'a' or 'an' in patent parlance carries the meaning of 'one or more' in open-ended claims containing the transitional phrase 'comprising.'" *KCJ Corp. v. Kinetic Concepts, Inc.*, 223 F.3d 1351, 1356 (Fed. Cir. 2000).

Bag Riders has not pointed to any evidence in the intrinsic record to explain why the term "vehicle head unit" should be given any construction other than its plain and ordinary one, much less one containing limitations not supported by the intrinsic evidence. In contrast, the plain and ordinary meaning of the term "vehicle head unit" is sufficient in this case for a fact finder to assess whether the accused product infringes the claims.

## II. Term 2: "vehicle engine control unit"

| Claim Language | Plaintiff Air Lift's Contention | Defendant Bag Rider's Contention | Court's Construction |
|---|---|---|---|
| "vehicle engine control unit"<br><br>*'506 Patent, claims 1, 7, and 10* | Plain and ordinary meaning as understood by a person having ordinary skill in the art. | "A vehicle engine control unit is an electronic control device comprising hardware and associated firmware configured to receive input signals from one or more sensors, process the input signals using control logic, and generate corresponding control outputs to regulate operation of one or more engine subsystems." | Plain and ordinary meaning as understood by a person having ordinary skill in the art. |

The parties dispute whether construction of the term "vehicle engine control unit" is necessary. Air Lift argues that the plain and ordinary meaning should apply, whereas Bag Riders

proposes a construction:

> A vehicle engine control unit is an electronic control device comprising hardware and associated firmware configured to receive input signals from one or more sensors, process the input signals using control logic, and generate corresponding control outputs to regulate operation of one or more engine subsystems.

(Def.'s Claim Constr. Br., ECF No. 30, PageID.296.)

Here, too, Bag Riders has failed to point to any evidence in the intrinsic record to support its narrowing construction. And without such evidence, the Court sees no need to construct a phrase that has a readily understandable meaning. *See TexasLDPC Inc. v. Broadcom Inc.*, No. 18-CV-1966-SB, 2023 WL 2709746, at *5 (D. Del. Mar. 30, 2023) (finding that the phrase "control unit" has a readily understandable meaning.) Thus, the Court will construe the phrase "vehicle engine control unit" according to its plain and ordinary meaning.

## III. Term 3: "mounted"

| Claim Language | Plaintiff Air Lift's Contention | Defendant Bag Rider's Contention | Court's Construction |
|---|---|---|---|
| "mounted"<br><br>*'506 Patent, claim 1* | Plain and ordinary meaning as understood by a person having ordinary skill in the art. | "Mounted means fixedly and securely attached in position relative to another structure, such that the component is maintained in a stable, non-transient configuration." | Plain and ordinary meaning as understood by a person having ordinary skill in the art. |

The parties dispute whether construction of the term "mounted" is necessary. Air Lift argues that the plain and ordinary meaning should apply, whereas Bag Riders proposes a construction:

> "Mounted" means fixedly and securely attached in position relative to another structure, such that the component is maintained in a stable, non-transient configuration.

(Def.'s Claim Constr. Br., ECF No. 30, PageID.299.)

In its brief, Bag Riders suggests that its definition of "mounted" is consistent with the plain and ordinary meaning of the term as understand by a PHOSITA. (ECF No. 30, PageID.292). But if that were so, then Bag Riders would not have needed to advance its own construction for consideration by this Court. And indeed, the proposed definition that Bag Riders offers is considerably narrower than the plain and ordinary meaning of the word "mounted." *See Webster's New World Dictionary* 887 (3rd ed. 1988) (defining "mounted" as "set up and ready for us" and "fixed on or in the proper backing, support, setting, etc."). Because there is no reason from the intrinsic evidence to believe that Air Lift intended the meaning of the word "mounted" to be limited to "stable, non-transient configurations," the Court declines to adopt Bag Riders's proposed construction or to give the phrase any construction other than the one suggested by its ordinary meaning. *See also Traxxas, L.P. v. Hobbico, Inc.,* No. 216CV00768JRGRSP, 2017 WL 4347709, at *14 (E.D. Tex. Sept. 29, 2017) (declining to construct "mounted" as "securely affixed or fastened" when nothing in the intrinsic record suggested such an intent).

**IV. Term 4: "communication"**

| Claim Language | Plaintiff Air Lift's Contention | Defendant Bag Rider's Contention | Court's Construction |
|---|---|---|---|
| "communication"<br>*'506 Patent, claim 1* | Plain and ordinary meaning as understood by a person having ordinary skill in the art. | "Communication between electronic devices comprises the transmission of one or more signals representing data or commands beyond the mere establishment of electrical power." | Plain and ordinary meaning as understood by a person having ordinary skill in the art. |

The parties dispute whether construction of the term "communication" is necessary. Air Lift argues that the plain and ordinary meaning should apply, whereas Bag Riders proposes a construction:

> Communication between electronic devices comprises the transmission of one or more signals representing data or commands beyond the mere establishment of electrical power.

(Def.'s Claim Constr. Br., ECF No. 30, PageID.300.)

Bag Riders has not explained why it believes the term "communication" needs to be constructed by the Court. It has not pointed to any evidence in the intrinsic record suggesting a novel definition of the phrase was intended, nor has it shown that the word is incapable of being understood by an ordinary person having skill in the art. In the Court's view the phrase "in communication with"—which is the phrase that is actually used within the claims—is readily understandable. *See Swissdigital USA Co. v. Wenger S.A.*, No. 621-CV-00453, 2022 WL 3567348, at *4 (W.D. Tex. Aug. 18, 2022) (declining to construct the phrase "in communication with" because "it is not so technical as to require construction to assist jury understanding" and because nothing in the record established a clear intent to give the phrase a non-ordinary meaning). Moreover, the proposed construction by Bag Riders would once again import a limitation—"beyond the mere establishment of electric power"—that is entirely unsupported by the intrinsic evidence. Therefore, the Court will construe the phrase according to its plain and ordinary meaning.

## V. Term 5: "control"

| Claim Language | Plaintiff Air Lift's Contention | Defendant Bag Rider's Contention | Court's Construction |
|---|---|---|---|
| "control"<br><br>*'506 Patent, claim 7* | Plain and ordinary meaning as understood by a person having ordinary skill in the art. | "Control refers to governing, regulating, or directing the operation of a system or component with respect to its primary functional purpose." | Plain and ordinary meaning as understood by a person having ordinary skill in the art. |

The parties dispute whether a construction of the term "control" is necessary. Air Lift

argues that the plain and ordinary meaning should apply, whereas Bag Riders proposes a construction:

> "Control" refers to governing, regulating, or directing the operation of a system or component with respect to its primary functional purpose.

(Def.'s Claim Constr. Br., ECF No. 30, PageID.300.)

Bag Riders's proposed construction of "control" would warp the plain meaning of that term. There is nothing about the ordinary definition of the "control" that suggests that it is limited to affecting a thing "with respect to its primary purpose." One component of an invention can control another component of any invention in many different ways, and indeed, this is often the case. Many courts have found that the term "control" normally does not need to be constructed because its meaning is readily apparent in most circumstances. *See, e.g.*, *Williamson v. Citrix Online LLC*, No. CV-11-02409, 2012 WL 12506871, at *10 (C.D. Cal. Sept. 4, 2012). This Court agrees. There is nothing in the intrinsic evidence to support the added limitation proposed by Bag Riders. Therefore, "control" will be given its ordinary meaning.

## CONCLUSION

The default rule in patent law is that terms are to be given their plain and ordinary meaning. *Bilski v. Kappos*, 561 U.S. 593, 603 (2010). To justify deviating from that default rule, the proponent of an alternative interpretation must show that the patent holder either intended a deviation from the ordinary meaning or that the jury could not understand the scope of the claim without the Court's assistance. *Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1370 (Fed. Cir. 2002). Here, that is not the case. Bag Riders has not pointed to any evidence in the intrinsic record to show that Air Lift intended any of these terms to be interpreted in a way that deviates from their ordinary meaning, and each of the terms is capable of being readily understood by most people. The added limitations that Bag Riders attempts to import into

its constructions are unsupported by the intrinsic evidence. Therefore, the Court will construe each of the terms according to its plain and ordinary meaning.

**IT IS SO ORDERED.**

Dated: September 3, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE